FREDERICK CROSBY & another *vs.* WILLIAM P. BAKER.

If a deputy sheriff who has attached mortgaged property on two writs has been sued for the value thereof by the mortgagee, and has prevailed in his defence on the ground that the demand made upon him was limited to property attached on one writ, the judgment in his favor is no bar to a subsequent action to recover the value of the same property, after a new demand; and in such case, a new demand within twenty days after the rendition of the judgment is within a reasonable time, if it appears that the situation of the defendant has not changed in the mean time.

Cucumbers in bulk and in salt, at the time when a mortgage thereof is executed, are not so substantially changed or intermingled with other property by being subsequently "greened" and put into bottles and vinegar which are not included in the mortgage, as to authorize an officer, who afterwards attaches and sells the same, to retain the proceeds thereof.

TORT brought by the assignees of J. B. Macomber, an insolvent debtor, against a deputy sheriff, for the conversion of a

quantity of pickles and other articles attached by him on two writs against William Macomber; these attachments being the same which were relied upon in *Macomber* v. *Baker*, 3 Allen, 241.

The parties agreed upon a statement of facts in the superior court, by which it appeared that on the 5th of October 1858 William Macomber executed to the plaintiff's insolvent a mortgage of the property in question, which was duly recorded. This mortgage included a quantity of " assorted pickles," of the value of $403.85, which, at the date of its execution, were in bulk and in salt, but were subsequently " greened," and put into bottles and vinegar which the plaintiffs cannot identify as included in the mortgage, and while in the latter condition were attached. The other material facts are stated in the opinion.

Judgment was rendered in the superior court for the defendant, and the plaintiffs appealed to this court.

*R. Codman,* for the plaintiffs, cited to the point that the former judgment was no bar, *Bigelow* v. *Winsor,* 1 Gray, 302; *Eastman* v. *Cooper,* 15 Pick. 276; *New England Bank* v. *Lewis,* 8 Pick. 113; that the new demand was seasonable; *Johnson* v. *Sumner,* 1 Met. 172; *Housatonic Bank* v. *Martin,* Ib. 294; *Legate* v. *Potter,* Ib. 325; *Tapley* v. *Butterfield,* Ib. 515; and that there was no material change in the nature of the articles *Harding* v. *Coburn,* 12 Met. 333.

*J. M. Pinkerton,* for the defendant, cited on the 1st point, *Bennett* v. *Wood,* 1 Allen, 47; *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331; on the 2d point, *Brackett* v. *Bullard,* 12 Met. 308; on the 3d point, *Harding* v. *Coburn,* 12 Met. 333; and to the point that the lien of the mortgage was lost, by reason of the intermingling of the property with other property not included therein, *Sawyer* v. *Merrill,* 6 Pick. 477; *Lewis* v. *Whittemore,* 5 N. H. 364.

MERRICK, J. 1. The judgment in the suit of Macomber against the defendant, upon which the latter relies as a bar to this action, cannot be availed of by him for that purpose. The plaintiff failed to maintain that action because the defendant held the property under and by force of two attachments on

two several writs, and the demand made upon him for the mortgaged property was expressly limited to one attachment. *Macomber* v. *Baker*, 3 Allen, 241. But the present plaintiffs, who are the assignees of Macomber, claim to recover upon the ground that he made a due and legal demand upon the defendant as against the two attachments. Hence it appears that the issue involved and the question to be determined in this and the former case are essentially different; and therefore the judgment 'in the former action is not a bar to this.

2. It is next objected that this action cannot be maintained, because the demand was not made by the plaintiffs upon the defendant within a reasonable time. But under the circumstances set forth in the agreed statement of facts we think that objection ought not to prevail. Prior to his insolvency, which occurred in September 1861, Macomber had given notice to the defendant of the mortgage, had made a demand upon him for the property, had fully and accurately stated the amount due for which the mortgage was held as security, and had recovered judgment in the superior court for the value of the property attached and held by the defendant; from which judgment the defendant appealed to this court. This was the state of things at the time the plaintiffs were appointed the assignees of Macomber. Subsequently, to wit, on the 12th of December 1861, pursuant to a rescript to that effect transmitted from this court, the judgment in the superior court was reversed, and instead thereof judgment was entered for the defendant. Within twenty days from that time, the plaintiffs made the demand upon the defendant as against the two attachments. It does not appear nor is it suggested that after the rendition of the final judgment in the former suit, and before said demand was made by the plaintiff, any change whatever had taken place in reference to the situation of the defendant, or as to the proceeds of the mortgaged property sold by him on execution. The delay of the plaintiffs in making a demand upon the defendant is thus reasonably and satisfactorily accounted for, and in this respect the case differs materially from that of *Brackett* v. *Bullard*, 12 Met. 308, cited by the defendant, in which no circumstances were

shown to account for the delay, and the demand was accordingly for that reason held to have been made too late. The defendant in this case had full knowledge during the whole time of the pendency of the former suit that the property attached by him was claimed by the mortgagee under the mortgage; and the subsequent demand made by Macomber and the institution of this suit were only for the purpose of enforcing that claim, which became necessary in consequence of the failure, upon a mere technical ground, to support the rights of the mortgagee.

3. The facts narrated in the agreed statement do not show any such material change in the articles of property mortgaged, after the making of the mortgage and before the attachment, or such intermingling of these goods with others of a like kind, as to render the attachment of them lawful and effectual against the mortgagee. *Harding* v. *Coburn*, 12 Met. 333. It is not denied that the mortgage was made fairly and in good faith, or that the goods attached were included in and covered by it, or that the sum demanded by the plaintiffs is now justly due; and it is conceded that the defendant sold those goods, and held, and for aught which appears still holds, the proceeds in his own hands. It is no valid objection that the goods had been sold before the demand was made. *Legate* v. *Potter*, 1 Met. 325. To these proceeds the plaintiffs are justly entitled, and accordingly judgment must be rendered on their behalf, under the agreement of the parties, for the sum of $532.10, with interest from the 31st of March 1861, when the demand was made on the defendant.                *Judgment for the plaintiffs.*